Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3316 | **DATE** | 9/14/2000 |
| **CASE TITLE** | EZELLA BARNER, et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: defendants' motion to decertify the class is hereby denied with prejudice [248-1] and plaintiffs' motion to clarify is granted [255-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 15 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 263 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 SEP 14 AM 9: 43 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EZELLA BARNER, MYRTHA BARNER,
JOYCE V. BROWN, BARBARA L.
CHALMERS, CHARLES L. CLARK,
RUFUS FISHER, HENRY JEFFERSON,
MITCHELL VERSHER, DENARD EAVES,
and Lee Gray on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

CITY OF HARVEY, NICHOLAS GRAVES,
CHRISTOPHER BARTON, PHILIP
HARDIMAN, CAMILLE DAMIANI,
FRANK PIEKARSKY, DONALD WHITTED,
and MARY ANN SAMPSON,
individually and in their official capacities,

    Defendants.

No. 95 C 3316
Judge Ronald A. Guzman

## MEMORANDUM OPINION AND ORDER

Pending is defendants' the City of Harvey, et al. motion to decertify Class I and Class II pursuant to Fed. R. Civ. Proc. 23(c)(1). Also pending is plaintiffs' motion to Clarify. For the reasons set forth below defendants' motion to decertify is hereby denied (#248-1), plaintiffs' motion to clarify granted (#255-1).

## BACKGROUND FACTS

This class action lawsuit was filed in June of 1995 shortly after the mayoral election in

1

the City of Harvey (City") in which defendant Nicholas Graves defeated incumbent David Johnson. Plaintiffs allege that in the months following the election, defendants terminated from the City's employment approximately 69 people--all 69 were African American and all were supporters of former Mayor Johnson. Many plaintiffs had civil service status and could not be terminated without a hearing before the City of Harvey Civil Service Commission. Plaintiffs alleged that Mayor Graves replaced the members of the Civil Service Commission with his own political appointees in violation of state law. Plaintiffs alleged that the Graves' members of the Civil Service Commission then held sham hearings and rubber-stamped the Graves administration's terminations of African-American Johnson supporters who had civil service status.

In March of 1997, Jude Coar issued an opinion in which he granted class certification. *See Barner v. City of Harvey,* 1997 U.S. Dist. LEXIS 3570 (N.D. Ill. March 25, 1997). The court's order certified the following two classes:

> All African Americans who were employed by the City of Harvey as of April 4, 1995, and were subject to adverse employment actions including harassment, discipline, demotion, transfers, constructive discharge, layoff discharge between April 4, 1995, and September 15, 1995, because of their race and political support of former Mayor Johnson.

> All African Americans who were employed by the City of Harvey or one of its divisions and were entitled to appear before the duly constituted Civil Service Commission to contest any employment decision adverse to them including but not limited to disciplinary action, transfer, demotion, layoffs, failure to rehire or hire between April 4, 1995, and the present and were denied such rights because of their race and political support of former Mayor Johnson.

In addition, Judge Coar also issued a 110-page memorandum opinion denying summary judgment as to the core claims of the lawsuit in light of the many factual disputes. 1998 U.S.

Dist. LEXIS 14937, at *24 (N.D. Ill. Sept. 16, 1998).

On October 21, 1999, defendants filed their original Motion to Decertify the class. On October 26, 1999 Judge Coar, after providing defendants with a chance to explain the basis of the motion and why–on the eve of trial–it was not untimely, denied defendants' motion. After this case was transferred to this court, defendants filed the instant Motion to Decertify on May 31, 2000.

On July 11, 2000 this court made it clear that defendants' motion to decertify would only be considered if based upon new case law that substantially alters the legal landscape, or new facts that were not known when [defendants] presented the motion before Judge Coar. *Tr. of Proceedings,* 7/11/00 at 4.

## **DISCUSSION**

Defendants submit that the facts adduced thus far conclusively establish that the classes certified by the court must be decertified because neither class meets the numerosity, commonality and typicality requirements of Fed. R. Civ. P. 23. Defendants contend plaintiffs have failed to produce any evidence that joinder of all Class I and II members is impracticable and the damages sought substantial. Defendants further argue that the commonality and typicality requirements of Fed. R. Civ. Proc. have not been satisfied based upon plaintiffs' failure to identify any particular employment practice which has affected each class representative and advanced class members. Defendants further argue that their previous motion has never been heard on the merits.

The Seventh Circuit has made clear that the transfer of a case to a new judge does not open the door for a party to twice bite the apple. As Judge Posner stated in *Williams v. CIR,*

3

> Litigants have a right to expect that a change in judges will not mean going back to square one. The second judge may alter previous rulings if new information convinces him that they are incorrect, but he is not free to do so even though the time for reconsideration has not expired, merely because he has a different view of the law or facts from the first judge.

1 F. 3d 502, 502, (7th Cir. 1993). "Instead, the presumption is that earlier rulings will stand, even though it can be overcome for compelling reasons (such as new controlling law or clear error). *Best v. Shell Oil Co.*, 107 F. 3d 544, 546 (7th Cir. 1997).

Here, defendants have failed to raise any new controlling law or facts to support their argument that Judge Coar's ruling as to class certification was in clear error. Defendants' current motion is based upon plaintiffs' alleged failure to satisfy the commonality and typicality requirement of Rule 23. Defendants cite absolutely no new case law in support of their motion to decertify. Instead, the cases all rely on well-established legal precedents dating back to the 1980's. *See Burke v. Local 710 Pension Plan*, 2000 U.S. Dist. 5875, at *8 (N.D. Ill. Mar., 2000)(relying on *Patterson v. General Motors Corp.*, 631 F. 2d 476 (7th Cir. 1980) and *Slaven v. BP Am., Inc.*, 190 F. R. D. 649 (C.D. Cal. 2000)(citing and relying on cases from the 1980's and 1990's). Furthermore, the alleged lack of numerosity argument is bootstrapped to the argument that the deposition testimony revealed that only William Bell, Eric Dawkins and Richard Sterling had civil service status thus possibly disqualifying many class members. Judge Coar as part of his ruling on October 26, 1999 addressed this civil service argument asking why it had not been raised earlier as an affirmative defense and also found disputed issues of fact as to this issue in denying defendants' earlier motion for summary judgment. These facts alone cannot be concluded to be clear error on the part of Judge Coar. Moreover, as plaintiffs point out the purpose of the deposition testimony was solely to assess damages in aid of trial preparation.

4

## CONCLUSION

For the reasons set forth above defendants' motion to decertify the class is hereby denied with prejudice (#248-1) and plaintiffs' motion to clarify is granted (#255-1).

SO ORDERED  9/14/00

ENTERED:

*Ronald A. Guzman*

HON. RONALD A. GUZMAN
United States Judge