Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3316 | **DATE** | 9/14/2000 |
| **CASE TITLE** | EZELLA BARNER, et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order: Motions in limine [182-1, 183-1 and 238-1] are stricken. Motion in limine [237-1] is granted in part and denied in part and motion in limine [239-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | SEP 15 2000 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 SEP 15 AM 8: 34 | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EZELLA BARNER, MYRTHA BARNER,
JOYCE V. BROWN, BARBARA L.
CHALMERS, CHARLES L. CLARK,
RUFUS FISHER, HENRY JEFFERSON,
MITCHELL VERSHER, DENARD EAVES,
and Lee Gray on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

CITY OF HARVEY, NICHOLAS GRAVES,
CHRISTOPHER BARTON, PHILIP
HARDIMAN, CAMILLE DAMIANI,
FRANK PIEKARSKY, DONALD WHITTED,
and MARY ANN SAMPSON,
individually and in their official capacities,

    Defendants.

No. 95 C 3316
Judge Ronald A. Guzman

DOCKETED

SEP 15 2000

## MEMORANDUM OPINION AND ORDER

In connection with the upcoming trial of this action, the parties have five motions in limine which require resolution. All remaining motions in limine will be ruled upon at the pretrial conference.

## BACKGROUND FACTS

This class action lawsuit was filed in June of 1995 shortly after the mayoral election in

1

the City of Harvey (City") in which defendant Nicholas Graves defeated incumbent David Johnson. Plaintiffs allege that in the months following the election, defendants terminated from the City's employment approximately 69 people–all 69 were African American and all were supporters of former Mayor Johnson. Many plaintiffs had civil service status and could not be terminated without a hearing before the City of Harvey Civil Service Commission. Plaintiffs alleged that Mayor Graves replaced the members of the Civil Service Commission with his own political appointees in violation of state law. Plaintiffs alleged that the Graves' members of the Civil Service Commission then held sham hearings and rubber-stamped the Graves administration's terminations of African-American Johnson supporters who had civil service status.

## I. PLAINTIFFS' MOTIONS IN LIMINE

### A. MOTION IF LIMINE BY PLAINTIFF GRAY TO REQUIRE DEFENDANTS TO REVISE THEIR EXHIBIT LIST AND ALLOW PLAINTIFFS ADDITIONAL TIME TO FILE OBJECTIONS TO EXHIBITS.

At the outset, motions in limine to exclude evidence are granted only if the evidence sought to be excluded is clearly inadmissable for any purpose. *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp.67, 69 (N.D. Ill. 1994). Plaintiffs filed a motion to require defendants to revise their exhibit list and to allow plaintiffs additional time to file objections to the exhibits. This motion sought three forms of relief (1) to require defendants to revise their exhibits and exhibit list so as to conform to standard and conventional practice; (2) to require defendants to provide proof that documents submitted as exhibits with a November 9, 1999 letter had been produced previously; and (3) to strike a chart entitled "City of Harvey Work Force Employees Hired From

10/05/87-04/13/95 because it had not been produced, had not been authenticated, and was misleading and irrelevant.

On June 16, 2000, the Court allowed defendants to revise their exhibit list and exhibits by August 14, 2000. As to plaintiff's request for proof of production in connection with the November 1999 submission defendants are hereby ordered to reproduce all supporting documentation within 10 business days of this order. Plaintiffs' motion to strike the chart is hereby denied at this time. The weight and accuracy of this chart must be determined and it cannot be concluded that it is inadmissable at this stage. Thus, plaintiffs' motion to strike this exhibit is denied without prejudice. Therefore, plaintiffs' motion in limine is granted in part and denied in part (#237-1).

## II. DEFENDANTS' MOTIONS IN LIMINE

A.  DEFENDANTS' MOTION IN LIMINE TO BAR TESTIMONY BY ALL PLAINTIFFS' WTINESSES NOT IDENTIFIED IN RESPONSE TO DISCOVERY REQUESTS AND/OR NOT PROPERLY DISCLOSED.

Defendants move to exclude the testimony of witnesses not identified in plaintiffs' responses to discovery requests. In plaintiffs' proposed pretrial order, plaintiffs designated 121 witnesses who they will or may call at trial. Out of the 121 witnesses defendants object to those individuals who were not specifically named in plaintiffs' response to defendants' interrogatory requests pursuant to Fed. R. Civ. Proc. 33 as well as plaintiffs' letters of October 22 and 27 1997.[1] In particular, defendants object to those individuals who were not identified by name but

---

[1] These individuals appear to be Eric Glenn, Renee Gholson, Gilvonne Davis, Steven Agee, Tonia Humphrey, John Silas, Bill Moore, Theresa Dixon, Jack Spells, Latresa Moore, Arnold Tate, Bettie Jackson, Theres Broughton, James Dixon, Denise Kellogg, Art Neeley, Chris Barton, Ncikolas Graves, Domenic Forte, David Blair, William Davis, James Harper, Robert McDade, Darren Whire, Sylvester Williams, Camille Soria and Thomas Setchell.

3

rather by the following reference: class members; co-workers; supervisors; person who saw or heard Graves comments regarding plaintiffs on television or int the newspapers; persons responsible for recommeding terminations; persons responsible for harassment; persons responsible for writing up false charges and recommeding suspensions; witnesses to events that lead to constructive discharge; and witnesses to harassment. Defendants request that plaintiffs be barred from calling as witnesses all individuals not specifically identified by name in its interogatory responses because defendants should not be required to deduce the names of individuals whom plaintiffs allege have knowledge or information relevant to their claims. This motion now appears moot and is stricken (#182-1). As to any witnesses who have failed to come forward and be deposed this court reserves ruling.

## B. DEFENDANTS' MOTION IN LIMINE TO BAR EVIDENCE OF DAMAGES FOR PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL GENERAL RULE 5.0.

Defendants next move pursuant to Local General Rule 5.00 to exclude all evidence of damages allegedly suffered by plaintiffs. This motion in limine is hereby stricken as moot (#183-1) pursuant to the parties submission of June 30, 2000.

## C. MOTION IN LIMINE BY DEFENDANT DAMIANI, ET. AL FOR LEAVE TO DESIGNATE WITNESSES

Defendants have requested leave to designate witnesses as a result of the death of one of defendants' key witnesses Nick Forte who died in August 1998 well after the close of discovery. This motion is also stricken as moot (#238-1) per the parties' June 30th submission.

## D. DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DELORES HARRIS

Defendants move to bar the testimony of Ms. Delores Harris because during her deposition Ms. Harris testified that she [did] not believe she was discriminated against on the basis of her race. Apparently, Ms. Harris testified that her termination was entirely due to her political consideration. Defendant argues that the class definitions in this case require discrimination against former employees of the City of Harvey based on race and political affiliation. The fact that Ms. Harris will not testify as to racial discrimination does not make the entirety of her testimony irrelevant. Thus, defendants' motion is denied (#239-1).

## CONCLUSION

For the reasons set forth above motion in limine #182-1, 183-1, and 238-1 are stricken. Motion 237-1 is granted in part and denied in part and motion 239-1 is denied.

SO ORDERED  ENTERED: 9/14/00

HON. RONALD A. GUZMAN
United States Judge

5