Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3316 | **DATE** | 9/19/2000 |
| **CASE TITLE** | EZELLA BARNER, et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendants motion to reconsider [249-1] and its motion for an enlargement of time to file dispositive motions [247-1] are hereby denied with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 20 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 SEP 19 PM 4:49 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EZELLA BARNER, MYRTHA BARNER,
JOYCE V. BROWN, BARBARA L.
CHALMERS, CHARLES L. CLARK,
RUFUS FISHER, HENRY JEFFERSON,
MITCHELL VERSHER, DENARD EAVES,
and Lee Gray on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

CITY OF HARVEY, NICHOLAS GRAVES,
CHRISTOPHER BARTON, PHILIP
HARDIMAN, CAMILLE DAMIANI,
FRANK PIEKARSKY, DONALD WHITTED,
and MARY ANN SAMPSON,
individually and in their official capacities,

    Defendants.

No. 95 C 3316
Judge Ronald A. Guzman

DOCKETED
SEP 20 2000

## MEMORANDUM OPINION AND ORDER

Pending is defendants the City of Harvey et al's general motion to reconsider certain prior rulings (#249-1) and motion for enlargement of time to file dispositive motions (#247-1). For the reasons set forth below these motions are denied.

## BACKGROUND FACTS

This class action lawsuit was filed in June of 1995 shortly after the mayoral election in the City of Harvey (City") in which defendant Nicholas Graves defeated incumbent David

1

Johnson. Plaintiffs allege that in the months following the election, defendants terminated from the City's employment approximately 69 people–all 69 were African American and all were supporters of former Mayor Johnson. Many plaintiffs had civil service status and could not be terminated without a hearing before the City of Harvey Civil Service Commission. Plaintiffs alleged that Mayor Graves replaced the members of the Civil Service Commission with his own political appointees in violation of state law. Plaintiffs alleged that the Graves' members of the Civil Service Commission then held sham hearings and rubber-stamped the Graves administration's terminations of African-American Johnson supporters who had civil service status.

## DISCUSSION

District court opinions "are not intended as mere first drafts, subject to revisions and reconsideration as a litigant's pleasure." *Quaker Alloy casting Co. v. Gulfco Indus., Inc.* 123 F.R.D. 282, 288 (N.D. Ill.). In a narrow set of circumstances, a motion for reconsideration may be brought under either Federal Rules of Civil Procedure 59(e) or Rule 60(b). FED. R.CIV. P. 59(e), 60(b). All motions to reconsider file within ten days of the entry of judgment are treated as Rule 59(e) motions. *Russell v. Delco Remy Div. Of Gen Motors Corp.,* 51 F. 3d 746, 749 (7th Cir. 1995). The district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e). *Bailey v. Sharp,* 782 F. 2d 1366 (7th Cir. 1986). Rule 59(e) provides for reconsideration when there is newly discovered evidence, an intervening change in the controlling law, and manifest error of law. *Cosgrove v. Bartolotta,* 51 F. 3d 746, 749 (7th Cir. 1995). On the other hand, all motions to reconsider which are served more than ten days after

2

judgment are treated as Rule 60(b). *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F. 3d 746, 749 (7th Cir. 1995).

Here, defendants' motion to reconsider was filed on May 31, 2000 and does not specify as its basis either Rule 59(e) or 60(b). Obviously, however, in light of when Judge Coar's rulings were made it must be considered a 60(b) motion. Pursuant to Rule 60(b) a court may allow reconsideration on the "grounds of inadvertence, mistake, excusable neglect, newly discovered evidence, [and] misconduct of the opposing party." FED. R. CIV. P. 60(b). Rule 60(b) is designed to provide relief from judgment "in exceptional circumstances"-such as excusable neglect or manifest injustice-necessitating an "extraordinary remedy." *Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.* 131 F. 3d 625, 628 (7th Cir. 1997).

In support of their motion to reconsider defendants primarily argue that Judge Coar abused his discretion by making several clearly erroneous discovery and evidentiary rulings that will cause substantial prejudice to defendants at trail. Defendants complain that Judge Coar's ruling with respect to the McGladrey & Pullen Report was erroneous, 77 of defendants' witnesses were barred from testifying and use of the Forte affidavit was denied. Judge Coar also denied defendants a second round of summary judgment briefing as to certain putative class members.

None of the arguments raised by defendants as to Judge Coar's rulings meet the standard set forth by Rule 60(b) and it cannot be concluded that Judge Coar's rulings constitute manifest error. Defendants will be able to establish the financial stability of the City during the relevant period by means other than affidavit. Furthermore, after reviewing Judge Coar's denial of defendants' initial motion for summary judgment it is easy to understand why leave would not be

3

granted for a second such motion. Therefore, defendants' motion to reconsider is denied as well as defendants' request for an enlargement of time to file dispositive motions.

## CONCLUSION

For the reasons set forth below defendants motion to reconsider (#249-1) and its motion for an enlargement of time to file dispositive motions (#247-1) are hereby denied with prejudice.

SO ORDERED                                              ENTERED: 9/19/00

*Ronald A. Guzman* (signature)

**HON. RONALD A. GUZMAN**
**United States Judge**