# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3316 | **DATE** | 3/28/2003 |
| **CASE TITLE** | EZELLA BARNER, et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons states, the Court grants Defendants' motion to sever Plaintiffs' claims. Plaintiffs Brown, Chalmers, Fisher, Jefferson, Clark and Gray may file individual complaints within 10 days of the date this order is entered. Plaintiffs Barner and Eaves shall remain the Plaintiffs in this case and shall file an amended complaint consistent with this opinion within 10 business days of the date of this order. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | Number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 31 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 313 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 03 MAR 31 AM 8:19 | | |
| | CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EZELLA BARNER, et al., | ) |
| | ) |
| Plaintiffs, | ) No. 95 C 3316 |
| | ) |
| v. | ) Honorable Ronald A. Guzman |
| | ) |
| CITY OF HARVEY, et al. | ) |
| | ) |
| Defendants. | ) |

**DOCKETED**
**MAR 3 1 2003**

## MEMORANDUM OPINION AND ORDER

Pending is Defendant City of Harvey's et al. amended motion to sever the named Plaintiffs' individual claims pursuant to Fed. R. Civ. P. 21. In the alternative, Defendants seek separate trials for each of Plaintiffs' claims should the Court deny their motion to sever. For the reasons set forth below Defendants' motion to sever is granted.

## BACKGROUND FACTS

On June 5, 1995, Ezella Barner, Myrtha Barner, Joyce Brown, Barbara Chalmers, Charles Clark, Denard Eaves, Rufus Fisher, Lee Gray and Henry Jefferson ("Plaintiffs") filed this case on behalf of themselves and all other African-American who were employed by the City of Harvey and were allegedly subject to adverse employment actions between April 4, 1995 and September 15, 1995 because of their race and political support of former Mayor David Johnson, against the City of Harvey, Nicholas Graves, Christopher Barton, Camille Damiani and several others who have since been dismissed.

On March 24, 1997, over the objections of Defendants, Judge Coar granted Plaintiffs'

1

motion for class certification and certified two classes. On two subsequent occasions, Defendants moved to decertify the classes. Both motion were denied. Accordingly, all of Plaintiffs' claims remained joined for trial.

On October 24, 2001, the pattern and practice portion of this case was submitted to a jury for trial. Before the impaneled jury were three Counts of Plaintiffs' Fifth Amended Complaint, all relating to the class action, pattern and practice allegations. Count II alleges race discrimination in violation of 42 U.S.C. §§ 1981 and 1983 (against Defendants City of Harvey, Nicholas Graves, Christopher Barton and Camille Damiani). Count III, alleged retaliation based on political affiliation in violation of the First Amendment, as enforced by 42 U.S.C. § 1983 (against Defendants City of Harvey, Graves, Barton and Damiani); and Count VIII, alleging race discrimination in violation of Title VII (against the City of Harvey). On November 21, 2001, the jury rendered a unanimous verdict in favor of all Defendants on all three pattern and practice counts finding no pattern or practice of racial discrimination, retaliation based on political affiliation or race discrimination in violation of Title VII.

On May 17, 2002, the Court issued a Memorandum Opinion and Order denying Plaintiffs' Motion for a New Trial. On May 23, 2002, the Court issued a Memorandum Opinion and Order entering judgment in favor of all Defendants on Plaintiffs' disparate impact claims.

Remaining to be tried by the jury are the plaintiffs' individual claims under the following counts: Count I due process claims of Plaintiffs E. Barner, M. Barner, Rufus Fischer, Donald Eaves and Lee Gray; Count II racial discrimination claims in violation of the equal protection clause as to Plaintiffs E. Barner, M. Barner, Joyce Brown, Barbara Chalmers, Charles Clark, Rufus Fischer, Harry Jefferson, Donald Eaves and Lee Gray; Count III retaliatory conduct in

violation of the First Amendment as to E. Barner, M. Barner, Joyce Brown, Barbara Chalmers, Charles Clark, Henry Jefferson, Donald Eaves and Lee Gray; Count IV plaintiffs' civil conspiracy claims under section 1985; and Count V Plaintiffs section 1986 claims as to all Plaintiffs except Hayes and Burge; Counts VII and IX are only viable as to Plaintiff Fischer; and Count VIII alleging racial discrimination is viable as to all Plaintiffs.

## DISCUSSION

Rule 20(a) allows permissive joinder of plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all those persons will arise in the action." Rule 20 was designed to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits. *Mosely v. General Motors Corp.*, 497 F. 2d 1330, 1332 (8th Cir. 1974). Consistent with this policy, the district court possesses wide discretion relative to the joinder of parties under Fed. R. Civ. P. 20(a). The United States Supreme Court has noted that "[u]nder the rule, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

Rule 21 authorizes the court to dismiss any misjoined party or claims at any stage of a lawsuit. Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in Rule 20(a). *See Bailey v. N. Trust Co.*, 196 F. R.D. 513, 515 (N.D. Ill. 2000). First, there must be a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences. Second, there must be a question of law or fact common to all the plaintiffs. *See id.*

Defendants assert that the requirements of permissive joinder are not satisfied because

3

Plaintiffs' alleged pattern and practice claims in Counts II, III and VIII of the fifth amended complaint were rejected by the jury. Defendants argue because there has been a finding that Plaintiffs' claims do not arise out of a systematic pattern or event, they *a fortiori* do not arise from the same transaction or occurrence, and therefore, Plaintiffs' claims are not sufficiently related to satisfy the same transaction or occurrence injury. Therefore, according to Defendants Plaintiffs have failed to present facts to support their joined claims and contend that an analysis under Rule 20 must be undertaken in light of the jury's verdict and judgment. We agree.

**Rule 20**

**A. Same Transaction or Occurrence**

A majority of courts have found that allegations of a pattern and practice of discrimination are sufficient to satisfy both the same transaction and common questions requirements of Rule 20(a). *See e.g. Miller v. Hygrade Food Products, Corp.,* Case No. 9901087, 2001 WL 503395, at (E.D. Pa. May 11, 2001)(denying motion to sever where plaintiffs allege that defendant employs subjective decision making policy designed to discriminate against African-American employees); *Porter v. Milliken & Michaels, Inc.,* Case No. 99-0199, 2000 WL 1059849 at * 1-2 (E.D. La. Aug 1, 2000) (allegations of pattern or practice of discrimination satisfy both requirements; denying motion to sever even though plaintiffs worked on different floors under different supervisors); *Henderson v. A T & T, Corp.,* 918 F. Supp. 1059 (S.D. Tex. 1996), *Bailey v. N. Trust Co.,* 196 F.R.D.513 ,518 (N.D. Ill. 2000); *Fong v. Rego Park Nursing Home,* No. 95 C 4445, 1996 WL 468660, at *3 (denying motion to sever even though plaintiffs held different positions and were terminated at different times and under different conditions where plaintiffs allege a pattern of severe disciplinary measures based on age and race); *Hohlbein*

4

*v. Heritage Mut. Ins. Co.*, 106 F.R.D.73, 78-79 (E.D. Wis. 1985) (denying motion to sever where plaintiffs allege continuing pattern or practice of discrimination with respect to employment of admittedly unrelated individuals); *King v. Ralston Purina Co.*, 97 F.R.D. 477, 480 (W.D.N.C. 1983)(allegations of pattern and practice of unlawful age discrimination sufficient to satisfy Rule 20(a) even thought plaintiffs worked in different places and different divisions of company); and *Mosely v. General Motors Corp.*, 497 F. 2d 1330, 1333-1334 (8th Cir. 1974) (district court abused discretion in severing claims where plaintiffs alleged company-wide policy designed to discriminate against blacks). In this case, it is now apparent, that the jury has concluded that the Defendants did not engage in a pattern or practice of race discrimination or discrimination based upon political affiliation. Hence, we look anew at Plaintiffs' remaining individual claims to see if Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions for purposes of Rule 20.

The Court agrees with Defendants that the evidence produced at trial revealed that the individual plaintiffs' claims are not transactionally related. "Transaction is a work of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosely*, 497 F. 2d at 1333. "Accordingly, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* Courts have considered several different factors when considering whether discrimination claims arise from the same transaction or occurrence. These include:

> the time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged,

whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged.

*Berry v. Illinois Dept. of Human Servs.*, No. 00 C 5538, 2001 WL 111035, at *17 (N.D. Ill. Feb. 2, 2001).

Defendants submit that neither of the two requirements for proper joinder under Rule 20(a) is present. Defendants contend that Plaintiffs' cases present *at least* four separate and distinct transactions or occurrences because Plaintiffs' lost their case before the jury on the pattern and practice claim, and because Plaintiffs' employment was terminated for different reasons. For example, Defendants claim that Plaintiffs Joyce Brown, Barbara Chalmers, Rufus Fischer and Henry Jefferson were terminated as part of reduction in force due to a budget cut letter from Mayor Graves. Plaintiffs' Ezella Barner, Myrtha Barner and Denard Eaves were allegedly terminated because they violated various Harvey police department policies set by Defendants Barton and Damiani. Defendants submit that Plaintiff Clark abandoned his position as of April 14, 1995, and that Plaintiff Lee Gray decided to "retire".

Plaintiffs deny this is the case because all their cases arise out of the same transaction or occurrence because that they were subjected to adverse employment actions because of their race and political support of former Mayor David Johnson. Plaintiffs also claim that nothing has changed since the trial except that the pattern and practice case was not established by a preponderance of the evidence. It is undisputed that the judgment entered by this court on May 23, 2002 bars the class members from bringing another class action against the Defendants alleging a pattern or practice of racial discrimination for the same time period and precludes the class members in any other litigation with the Defendants from relitigating the question of

6

whether the Defendants engaged in such a pattern or practice of racial discrimination or discrimination based on political discrimination. But the judgment is not dispositive of the individual claims of the Plaintiffs. Assuming the Plaintiffs can establish a prima facie case of discrimination, the Defendants will be required to articulate a legitimate reason for each of the challenged employment decisions. As the Supreme Court has made clear, there are no common issues between the first stage of a pattern or practice claim and an individual discrimination lawsuit. *See Cooper v. Federal Reserve Bank,* 467 U.S. 867, 877 (1984).

While plaintiffs claims involve similar legal issues and rest upon the same legal theories, they turn on distinct facts unique to each of the Plaintiffs. Plaintiffs Brown, Chalmers Fischer and Jefferson were terminated as part of the City of Harvey's budget cuts. Plaintiffs E. Barner, M. Barner and Denard Eaves were dismissed for allegedly violating various Harvey police department policies set by Defendants Barton and Damiani. Plaintiff Clark allegedly abandoned his position and Plaintiff Gray was allegedly forced to retire because of his race and political support of former Mayor David Johnson. Other facts present in the record call into question whether Plaintiffs were performing their jobs. For example, E. Barner has been accused of gross insubordination and her position of records clerk is covered by a collective bargaining agreement. M. Barner disputes charges made against her when working for the Office of Professional Standards laboratory, and apparently has admitted to allowing unauthorized persons to have access to her division. M. Barner resigned in front of the Civil Commission and Plaintiff Burge retired a police chief and never requested a return to his status as patrol officer upon his resignation as Police Chief. Thus, while it is undisputed that many of the employees were discharged in 1995 the discharges were allegedly for different reasons, under different

circumstances with different supervisors involved. Obviously, the alleged non-discriminatory reasons offered by Defendants if Plaintiffs succeed on establishing their prima facie cases at trial will be completely different. Accordingly, there remains no logical relationship between the claims.

### B. Common Questions of Law or Fact

Because the first prong of Fed. R. Civ. P. 20(a) has not been satisfied we need not address the requirements under Fed. R. Civ. P. 20(b).

### Rule 42(b)

Alternatively, Defendants argue the Court should exercise its discretion and order a separate trial of Plaintiffs' claims. Under Rule 42(b) a separate trial may be ordered "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy..." FED. R. CIV. P. 42(b). Defendants argue that this Court should order four separate trials of Plaintiffs' claims because the failure to do so would result in prejudice against Defendants. It is important to remember at the second stage of this case the issue will be, despite the fact that the City of Harvey does not have a practice of terminating employees because of race or political affiliation, whether illegitimate factors were applied in these particular Plaintiffs' case. In *Cooper,* the Supreme Court held that an adverse judgment at the liability state of a pattern and practice class action does not automatically preclude–by virtue of res judicata or collateral estoppel–individual discrimination lawsuits by class members. 467 U.S. 867, 880 (1984).

The Plaintiffs' individual claims, as noted, should be severed under Rule 21 because party

8

joinder in this case has not been established to be improper under 20(a). Severance will result in the misjoined parties in this case, being dropped from the original action. Plaintiffs Brown, Chalmers, Fischer, Jefferson, Clark and Gray must file individual complaints in their own respective names. Plaintiffs Barner and Eaves remained joined for trial.

## CONCLUSION

For the reasons stated, the Court grants Defendants' motion to sever Plaintiffs claims. Plaintiffs Brown, Chalmers, Fischer, Jefferson, Clark and Gray may file individual complaints within 10 days of the date this order is entered. Plaintiffs Barner and Eaves shall remain the Plaintiffs in this case and shall file an amended complaint consistent with this opinion with 10 business dates of the date of this order.

So Ordered

Entered: 3/28/03

Judge Ronald A. Guzman