# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3316 | **DATE** | 12/12/2003 |
| **CASE TITLE** | EZELLA BARNER, et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' motion for certification of Court's order severing Plaintiffs' claims pursuant to 28 U.S.C. Section 1292(b), for a stay of the proceedings [374-1] is denied, and Plaintiffs' motion alternatively for extension of time [374-2] is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 18 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 412 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZELLA BARNER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 95 C 3316 |
| | ) | |
| v. | ) | |
| | ) | Honorable Ronald A. Guzmán |
| CITY OF HARVEY et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Certification of Court's Order Severing Plaintiffs' Claims Pursuant to 28 U.S.C. § 1292(b), for a Stay of the Proceedings, and Alternatively for Extension of Time. For the reasons set forth below, Plaintiffs' motion is denied.

## BACKGROUND

This case was originally brought on June 5, 1995 by Ezella Barner, Myrtha Barner, Joyce Brown, Barbara Chalmers, Charles Clark, Denard Eaves, Rufus Fisher, Lee Gray, and Henry Jefferson ("Plaintiffs") on behalf of themselves and all other African-Americans who were employed by the City of Harvey and were allegedly subject to adverse employment actions between April 4, 1995 and September 15, 1995 because of their race and political support of former Mayor David Johnson, against the City of Harvey, Mayor Nicholas Graves, Christopher Barton, Camille Damiani, and several other defendants who have since been dismissed from the case.

On March 24, 1997, Judge Coar granted Plaintiffs' motion for class certification and certified two classes, one class for claims of adverse employment actions, and another for claims of due process violations. The Counts from Plaintiffs' Fifth Amended Complaint ("Complaint") relating to the class action alleging a pattern and practice of employment discrimination were tried to a jury beginning on October 24, 2001. On November 22, 2001, the jury rendered a unanimous verdict in favor of all Defendants finding no pattern or practice of racial discrimination, retaliation based on political affiliation, or race discrimination in violation of Title VII. Then on May 23, 2002, this Court issued a Memorandum Opinion and Order entering judgment in favor of all Defendants on Plaintiffs' disparate impact claims. Thus, only the Plaintiffs' individual claims and due process class claims[1] remained to be tried by a jury.

On August 23, 2002, Defendants moved to sever the named Plaintiffs' individual claims, arguing that in light of the jury verdict finding no pattern and practice of discrimination and the Court's order finding no disparate impact, the named Plaintiffs' claims did not arise from the same occurrence and thus were misjoined. On March 28, 2003, this Court granted Defendants' motion to sever, finding that the evidence at trial revealed that the Plaintiffs' individual claims are not transactionally related, as required by Federal Rule of Civil Procedure 20(a). The Court held that although Plaintiffs' claims involve similar legal issues and rest upon the same legal theories, resolution of the individual claims will turn on distinct facts that are unique to each Plaintiff. The Court found that the claims of Plaintiffs Brown, Chalmers, Fisher, Jefferson, Clark, and Gray were misjoined and therefore severed their claims from the original action and ordered that they file

---

[1] The status of the due process class claims is the subject of a separate order entered concurrently with this opinion.

individual complaints in their own names. The claims of Plaintiffs E. Barner, M. Barner, and Eaves remained joined for trial and those Plaintiffs were ordered to file an amended complaint, which they did on April 22, 2003.[2]

On September 4, 2002, nineteen putative members of the employment discrimination class in this case filed a related lawsuit against the City of Harvey and Mayor Graves, alleging individual claims of discrimination. Judge Bucklo later severed the cases because "allow[ing] the plaintiffs to join in one action here would blur the distinction that is crucial to allowing their individual cases to proceed in the first place." *Brewton v. City of Harvey*, 285 F. Supp. 2d 1121, 1128 (N.D. Ill. Sept. 30, 2003).

Plaintiffs' present motion asks this Court to certify the March 28, 2003 order severing their claims pursuant to 28 U.S.C. § 1292(b), so that Plaintiffs may seek an interlocutory appeal of the order. Specifically, Plaintiffs ask this Court to certify the following question for appeal: Whether a jury verdict of no pattern or practice of discrimination *a fortiori* precludes joinder of parties under Federal Rule of Civil Procedure 20.

## DISCUSSION

A court may certify an issue for immediate appeal pursuant to 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is

---

[2] Plaintiffs' motion requests in the alternative an extension of time in which to file an amended complaint. Because Plaintiffs filed their Sixth Amended Complaint on April 22, 2003, this part of the motion [Docket No. 374-2] is denied as moot.

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b).

Section 1292(b) was enacted to allow for immediate appeal of certain nonfinal orders while limiting the availability of interlocutory review. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). The statute's screening procedure "ensur[es] that such review will be confined to appropriate cases and avoid time-consuming jurisdictional determinations in the court of appeals." *Id.* at 474-75.

The Seventh Circuit has explained that a court should not certify an issue for interlocutory appeal under section 1292(b) unless four statutory criteria are met: "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation."[3] *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphases in original). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original). Each of these necessary statutory criteria will be discussed in turn.

### A. *Question of Law*

---

[3] In addition, a court considering a section 1292(b) petition must be guided by a nonstatutory requirement: "[T]he petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). The timeliness of Plaintiffs' motion is not disputed in this case.

4

A "question of law," as that term is used in section 1292(b), refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. The Seventh Circuit has further explained that it must be "a 'pure' question of law" or "an abstract legal issue," which "the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677. An interlocutory appeal is inappropriate under section 1292(b) when the motion does not raise an abstract issue of law but merely disagrees with the application of law to the facts of the case. *See id.*; *Gierum v. Kontrick*, No. 01 C 4370, 2002 WL 226857, at *3 (N.D. Ill. Feb. 14, 2002).

Plaintiffs argue that the issue they seek to appeal, *i.e.*, "Does a jury verdict of no pattern or practice of discrimination *a fortiori* preclude joinder of parties under Fed. R. Civ. [P.] 20?" (Pls.' Mot. ¶ 10), presents a pure question of law and will not require a review of the record in the case. Defendants respond that severance involves factual issues, rather than issues of law. Defendants further argue that the issue as framed by Plaintiffs is not relevant because the severance order was based upon the individual facts of each plaintiff's claim, not upon strict application of a legal axiom.

The Court concludes that the March 28, 2003 order severing certain named Plaintiffs was not based upon a pure question of law, but rather a factual determination of the individual Plaintiffs' claims, defenses to those claims, and the proof required for both. In the severance order, this Court determined that Plaintiffs had not shown that their claims arose from the same transaction or were sufficiently related to permit joinder under Rule 20(a) of the Federal Rules of Civil Procedure. While the jury's finding of no pattern and practice of discrimination was certainly relevant to the decision to sever, the Court did not mechanically determine that a finding of no pattern and practice necessarily, and in all cases, precludes joinder. The Court found that the facts proved at trial and

upon which the jury relied supported a finding that the claims of several named Plaintiffs were misjoined and should be severed under Federal Rule of Civil Procedure 21. The Court's reliance on the specific facts related to each individual plaintiff's claims is evidenced by the Court's conclusion that the claims of three Plaintiffs (E. Barner, M. Barner, and Eaves) were sufficiently related to justify their remaining joined at trial. Had the Court in fact found that a finding of no pattern and practice of discrimination *a fortiori* precludes joinder under Rule 20, the order would have severed the claims of all Plaintiffs.

## B. *Controlling Issue*

An issue is considered "controlling" for purposes of section 1292(b) "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996); *see also Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) ("[C]ontrolling means serious to the conduct of the litigation, either practically or legally.") (internal quotations and citation omitted); *Drnek v. City of Chicago*, 205 F. Supp. 2d 894, 900 (N.D. Ill. 2002) (holding that an issue was controlling when the answer to the question would affect whether the party could state a claim).

Plaintiffs argue that the issue sought to be appealed is "controlling on the outcome of this case" because a reversal of the Court's order would allow Plaintiffs' claims to remain joined, and without an appeal, Plaintiffs will be forced to file multiple lawsuits. Defendants answer that the issue of severance is not controlling as to any individual claims and that individual trials are the most economical method of resolving Plaintiffs' individual claims.

The Court finds that even if it were a proper question of law, the issue Plaintiffs seek to appeal is not controlling to any claim, defense, or proof required at trial. It is merely a procedural issue that affects how the cases will be tried, but it will not affect what is tried or the totality of trial time and expense.

Plaintiffs have framed the issue for appeal as whether a finding of no pattern and practice, by itself, authorizes severance of a group of plaintiffs. However, as discussed above, this abstract legal issue was not the sole, or even primary, basis for the original order severing the named Plaintiffs. The question as defined by Plaintiffs is only one of many issues this Court considered in its severance order, and if anything, it was tangential to the primary finding that the factual claims of the named Plaintiffs are not related enough to warrant joinder under Rule 20(a). Thus, even if this Court were to certify the question presented by Plaintiffs, and the Court of Appeals were to respond in the negative, that would not change the Court's ruling on the motion to sever. *See Edwardsville Nat'l Bank & Trust Co. v. Marion Labs., Inc.*, 808 F.2d 648, 651 (7th Cir. 1987) ("If nothing turns on the answer to the question, it ought not be answered . . . ."); *see also Seven-Up Co. v. O-So Grape Co.*, 179 F. Supp. 167, 172 (S.D. Ill. 1959) ("If an immediate appeal were allowed and the order reversed, no central issue of the case would be laid at rest; – the merits of the cause would still remain unresolved for trial at a subsequent date. There is not a 'controlling question of law' involve here as that term is used in the statute.").

C.  ***Contestable Issue***

To satisfy the third element required by section 1292(b), the movant must demonstrate "the existence of a difficult central question of law which is not settled by controlling authority" and that

7

there is a "substantial likelihood" that the district court's order will be reversed on appeal. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (internal quotations and citation omitted); *see also Drnek v. City of Chicago*, 205 F. Supp. 2d 894, 900 (N.D. Ill. 2002) (holding that an issue was contestable for purposes of section 1292(b) because it was a question of first impression); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1998 WL 808992, at *6 (N.D. Ill. Nov. 17, 1998) (finding an issue was contestable because several federal circuits and another District Court within the same circuit disagreed with the order being appealed from).

Plaintiffs argue that the issue sought to be appealed is contestable because they disagree with the Court's decision and its application of *Cooper v. Federal Reserve Bank*, 467 U.S. 867 (1984). In addition, Plaintiffs argue that the policy considerations underlying Federal Rule of Procedure 23(f) support the appealability of discretionary rulings in certain circumstances. Defendants respond that the issue presented is not sufficiently contestable because the power to sever claims and order separate trials is discretionary and such orders are generally not appealable.

This Court properly relied upon *Cooper* in finding that the jury verdict of no pattern or practice of discrimination did not preclude class members from proving their individual claims of discrimination. *Id.* at 878. Plaintiffs, however, seek to expand *Cooper* to mean that not only do their individual claims survive, but they must be tried together. *Cooper*, however, neither addresses the specific facts related to the plaintiffs' claims nor discusses joinder or misjoinder of plaintiffs under Rules 20 or 21. Plaintiffs' attempt to conflate the issues is unavailing.

Plaintiffs' effort to equate section 1292(b) with Federal Rule of Civil Procedure 23(f) is also not persuasive. The policy underlying Rule 23(f), which governs interlocutory appeals of class

certification orders, recognizes that an order granting or denying class certification is, in some cases, effectively dispositive, so an early appeal may be necessary to adjudicate the parties' rights. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834-35 (7th Cir. 1999). The same policy considerations do not exist here because the severance order did not affect the viability of Plaintiffs' individual claims.

Plaintiffs have offered no case law, in or out of this circuit, even suggesting that this Court's finding of misjoinder was incorrect. Plaintiffs argue instead that because they vigorously dispute the order, the issue is contestable. The Court cannot agree that the losing parties' disagreement with an order is relevant to whether the order should be certified for interlocutory appeal. Plaintiffs must demonstrate that the order is contestable; they cannot merely allege that it is so. *See Lakeside Feeders, Ltd. v. Chicago Meat Processors, Inc.*, 35 F. Supp. 2d 638, 643 (N.D. Ill. 1999) (declining to find substantial ground for a difference of opinion where the movant failed to provide any case law in conflict with the order at issue).

## D. *Resolution Will Speed Up the Litigation*

The final factor to be considered in a motion for section 1292(b) certification is whether resolving the issue would materially advance the litigation. *See Drnek*, 205 F. Supp. 2d at 900 (holding that resolution of an issue would speed up litigation where it would refine the scope of discovery and a contrary decision would be dispositive and obviate the need for discovery); *In re Brand Name Prescription Drugs Antitrust Litig.*, 1998 WL 808992, at *6 (holding that if a ruling on the disputed issue would have "a profound impact" on subsequent trials and would result in a substantial savings of resources, then litigation would be materially advanced). However, if reversal

9

of the ruling would only simplify a case slightly, but the bulk of the case would continue, then the issue would not materially advance the litigation. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. at 1082-83; *see also Smith v. City of Chicago*, No. 94 C 920, 2003 WL 1989612, at *3 (N.D. Ill. Apr. 28, 2003) ("Though a decision in the [movant's] favor would eliminate the need for a trial, that 'time savings' would occur only after the case worked its way through the appeal process.").

Plaintiffs argue that a reversal of the severance order would advance the litigation because there would be one trial rather than seven individual trials, which they claim would result in protracted and duplicative litigation. In addition, Plaintiffs believe that if the Seventh Circuit were to later reverse the severance order, it would also order a new trial, causing even more expense and delay. Defendants maintain that a consolidated trial would not advance the litigation but would instead cause confusion and open the door to defense claims of prejudice.

Plaintiffs contend that one trial is necessarily more efficient than multiple individual trials, and thus litigation would inherently be advanced if the named Plaintiffs remain joined. However, the Court does not see how consolidating the cases of numerous individual plaintiffs, with individual claims, defenses to those claims, and factual bases for both, would advance the litigation. While it is not necessary that an issue be wholly dispositive of a case to be certified under section 1292(b), Plaintiffs have not shown that joinder would result in the reduction of even a single trial day, let alone that the litigation would be materially advanced, as required by the statute. Indeed, it is possible that a consolidated trial would be so complex that it would consume more total time and resources than if each individual plaintiff's claim were separately tried.

Furthermore, this case is now over eight years old. The individual plaintiffs' cases should be ready for trial in relatively short order. Therefore, it is possible, and even likely, that each case could be tried before an appeal is resolved. Plaintiffs themselves recognize that the cases could be tried before the appeal is decided, but they argue that if that happens, the appellate court could reverse the order and order a new trial of the joined plaintiffs, even after all the individual trials are concluded. The Court finds it much more likely that the conclusion of the individual trials would render the appeal moot, which offers another justification for denying Plaintiffs' request to certify pursuant to section 1292(b).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Certification of Court's Order Severing Plaintiffs' Claims Pursuant to 28 U.S.C. § 1292(b), for a Stay of the Proceedings [374-1] is denied, and Plaintiffs' Motion Alternatively for Extension of Time [374-2] is denied as moot.

SO ORDERED.   12/12/03   ENTERED: _____
Ronald A. Guzmán
United States Judge

11