# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3316 | **DATE** | 12/12/2003 |
| **CASE TITLE** | EZELLA BARNER, et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' amended motion for clarification on the Court's order granting Defendant's amended motion to sever named Plaintiffs' individual claims [383-1] is granted to the extent necessary to clarify the status of Plaintiffs' due process class claims; and Plaintiffs' motion for Rule 54(b) certification on all rulings related to resolution of claim claims [375-1] is denied. Plaintiff may file an amended complaint no later than 10 days after entry of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | DEC 1 8 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 413 | |
| | Copy to judge/magistrate judge. | CLERK | | | |
| | | 03 DEC 16 PM 9:22 | date mailed notice | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EZELLA BARNER et al., | ) |
| | ) |
| Plaintiffs, | ) 95 C 3316 |
| | ) |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| CITY OF HARVEY et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) Plaintiffs' Amended Motion for Clarification on the Court's Order Granting Defendant's Amended Motion to Sever Named Plaintiffs' Individual Claims; and (2) Plaintiffs' Motion for Rule 54(b) Certification on All Rulings Related to Resolution of Class Claims. For the reasons set forth below, Plaintiffs' Amended Motion for Clarification on the Court's Order Granting Defendant's Amended Motion to Sever Named Plaintiffs' Individual Claims is granted; and Plaintiffs' Motion for Rule 54(b) Certification on All Rulings Related to Resolution of Class Claims is denied.

## BACKGROUND[1]

This Court's March 28, 2003 order severing the claims of a number of Plaintiffs stated that the severed plaintiffs may file new actions for their individual claims and further ordered the three

---

[1] The Court presumes some familiarity with the extensive factual and procedural history of this case.

1

plaintiffs who remained in the original action to file an amended complaint for their individual claims. The order did not explicitly refer to the class action due process claims, which were not tried by either the jury or the Court in the trial that began in October 2001. Shortly after the severance order was issued, Plaintiffs filed the present Motion to Clarify and Rule 54(b) Motion.

## *Motion to Clarify*

Plaintiffs' Motion to Clarify argues that the due process class claims alleged in their Fifth Amended Complaint remained viable after the trial. However, the Court's March 28, 2003 severance order led Plaintiffs to believe that it disposed of the due process claims, because it directed both the severed and remaining Plaintiffs to file individual actions only, and it did not expressly refer to the due process class claims. As a result, Plaintiffs' Sixth Amended Complaint, which was filed in response to the Court's direction in the severance order, did not include a class due process claim, but instead alleged only individual discrimination and due process claims for Named Plaintiffs E. Barner, M. Barner, and Eaves. Plaintiffs emphasize that they did not voluntarily exclude the due process class claims, and the only reason Plaintiffs did not replead the class claims was that they believed the Court's severance order precluded them from doing so. Plaintiffs state that Defendants' counsel read the severance order as allowing Plaintiffs to replead the due process class claims. Plaintiffs' motion thus seeks to clarify the status of the class due process claims in light of the Court's severance order.

Defendants' response is in the form of an assertion that, whether or not the due process claims survived the severance order, the class should be decertified as a matter of fact and law, based upon the facts adduced at the class discrimination trial.

### *Rule 54(b) Motion*

Plaintiffs' second motion seeks to certify for appeal, pursuant to Federal Rule of Civil Procedure 54(b), this Court's rulings related to Plaintiffs' class claims. Plaintiffs argue that reversible errors were made with regard to the adverse jury verdict on the pattern and practice of discrimination counts as well as this Court's finding of no class-wide disparate impact. Plaintiffs also contend that because the severance order disposed of the remaining class claims, all class-based claims have been resolved, and there is no just reason for delay of an appeal of those issues.

Defendants first respond that the motion is not timely, because it was filed over a year after judgment was entered on the pattern and practice verdicts and over ten months after the Court entered judgment on the disparate impact claim. Second, Defendants argue that there has not been a final ruling on all class claims, because the due process class claims have not been resolved. Third, Defendants contend that Plaintiffs' failure to pursue this motion earlier belies Plaintiffs' claim that judicial economy dictates that there is no just reason to delay the appeal of the class issues. Finally, Defendants claim that Plaintiffs' request for certification of "all rulings related to resolution of class claims" is impermissibly vague.

### **DISCUSSION**

It is not disputed that Plaintiffs' due process class claims were not resolved by either (1) the jury's verdicts finding no pattern or practice of employment discrimination, or (2) this Court's finding of no disparate impact, and so those class claims remained viable at the end of trial. Furthermore, the March 28, 2003 severance order did not dispose of, or even refer to, the due process claims because they were not relevant to the motion at issue. The class due process counts therefore

3

could have been repleaded in Plaintiffs' Sixth Amended Complaint along with the individual claims of plaintiffs E. Barner, M. Barner, and Eaves. But because the issue may have been left unclear in the severance order, Plaintiffs will be allowed to replead any viable due process class claims. However, the Court wishes to express its concern, based on arguments raised during the briefing on the present motions, that the due process class may no longer meet the requirements of Federal Rule of Civil Procedure 23, particularly the numerosity requirement. Plaintiffs are therefore cautioned to be mindful of their obligations under Federal Rule of Civil Procedure 11 in deciding whether to replead the due process class claims. Plaintiffs may file an amended complaint, which includes due process class claims and is consistent with Rule 11, no later than ten days after entry of this order.

The Court further holds that because class claims are not currently pending in this action, Defendants' response asserting that the class should be deemed decertified, which is essentially a motion to decertify, is premature. Defendants may file their motion to decertify the class no later than twenty-eight days after being served with an amended complaint that includes due process class claims. Plaintiffs' response will be due no later than twenty-eight days thereafter, and Defendants' reply will be due no later than fourteen days thereafter.

The Court therefore finds that Plaintiffs' Rule 54(b) Motion is premature, because all class issues have not been resolved in this case. The Court emphasizes that this finding is made without any determination of the merits of Plaintiffs' motion, and the Court expressly states that it has no opinion of whether a Rule 54(b) motion will or will not be successful at a later date. This ruling merely reflects the fact that the relief sought on the face of Plaintiffs' Rule 54(b) Motion is inappropriate in light of the Court's clarification of its March 28, 2003 severance order.

## CONCLUSION

For the foregoing reasons, (1) Plaintiffs' Amended Motion for Clarification on the Court's Order Granting Defendant's Amended Motion to Sever Named Plaintiffs' Individual Claims [Docket No. 383-1] is granted to the extent necessary to clarify the status of Plaintiffs' due process class claims; and (2) Plaintiffs' Motion for Rule 54(b) Certification on All Rulings Related to Resolution of Class Claims [Docket No. 375-1] is denied. Plaintiffs may file an amended complaint, which includes class action due process claims and is consistent with Rule 11, no later than 10 days after entry of this order. Defendants may file a motion to decertify the class no later than 28 days after being served with an amended complaint that includes due process class claims. Plaintiffs' response will be due no later than 28 days thereafter, and Defendants' reply will be due no later than 14 days thereafter.

If Plaintiffs file an amended complaint, Defendants' three currently pending motions for summary judgment as to the Sixth Amended Complaint will be stricken. If Plaintiffs do not file an amended complaint, Plaintiffs shall respond to the pending summary judgment motions no later than 20 days after entry of this order, and Defendants' replies will be due 30 days after the responses are filed.

**SO ORDERED.** 12/12/03 **ENTERED:** *Ronald A. Guzmán*
Ronald A. Guzmán
United States Judge