# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3316 | **DATE** | 9/13/2004 |
| **CASE TITLE** | EZELLA BARNER, et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' Motion to Decertify Due Process Class [425-1] is granted; Defendants' Motion to Dismiss Count I of the Seventh Amended Complaint [422-1] is denied as moot; and Plaintiffs' Local Rule 78.5 Motion Calling Previously Filed Motions to the Court's Attention and Renewed Motions for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for Certification for Appeal Pursuant to Rule 54(b) [434-1, 434-2] is denied. Class II, originally certified on 3/25/97, is hereby decertified pursuant to Rule 23(c)(1)(C). Plaintiffs are ordered to file a proposed notice of the due process class decertification order pursuant to Rule 23(e) no later than fifteen days from the date of this Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 15 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EZELLA BARNER, MYRTHA BARNER, and DENARD EAVES, ) ) ) | |
| Plaintiffs, ) ) ) | |
| v. ) ) | Honorable Ronald A. Guzmán |
| CITY OF HARVEY, NICHOLAS GRAVES, CHRISTOPHER BARTON, PHILIP HARDIMAN, CAMILLE DAMIANI, FRANK PIEKARSKY, DONALD WHITTED, and MARY ANN SAMPSON, ) ) ) ) ) ) | 95 C 3316 |
| Defendants. ) ) ) | DOCKETED SEP 1 5 2004 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following motions: (1) Defendants' Motion to Decertify Due Process Class; (2) Defendants' Motion to Dismiss Count I of the Seventh Amended Complaint; and (3) Plaintiffs' Local Rule 78.5 Motion Calling Previously Filed Motions to the Court's Attention and Renewed Motions for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for Certification for Appeal Pursuant to Federal Rule of Civil Procedure ("Rule") 54(b). For the reasons that follow: (1) Defendants' motion to decertify is granted; (2) Defendants' motion to dismiss is denied as moot; and (3) Plaintiffs' motions for certification are denied.

DOCKETED
SEP 1 5 2004

## BACKGROUND

The Court presumes familiarity with the extensive factual and procedural background of this nine year-old case, but the Court will briefly summarize the relevant events. On March 25, 1997,

Judge Coar certified two classes in this case. *See Barner v. City of Harvey*, No. 95 C 3316, 1997 WL 139469, at *5-6 (N.D. Ill. Mar. 25, 1997) (*"Barner I"*). Class I consists of African-Americans who were employed by the City of Harvey over a specified period of time and were subject to adverse employment actions because of their race and political support of the former mayor of Harvey. Class II, often referred to as the "due process class," consists of African-Americans employed by the City of Harvey who were entitled to appear before a duly constituted Civil Service Commission to contest adverse employment decisions during a specified period of time but were denied those rights due to their race and political support of the former mayor of Harvey.[1] *See id.*

The classes were bifurcated for trial. On November 21, 2001, after a four-week trial, a jury rendered a verdict in favor of Defendants on three counts of Plaintiffs' complaint related to Class I, finding no pattern or practice of racial and political discrimination. On May 22, 2002, the Court found for Defendants on Plaintiffs' claim that Defendants' practice of making termination decisions based on job titles alone had a disparate impact on African-American employees.

On March 28, 2003, the Court granted Defendants' motion to sever the Plaintiffs' claims, leaving joined only the claims of named plaintiffs Ezella Barner, Myrtha Barner, and Denard Eaves. *See Barner v. City of Harvey*, No. 95 C 3316, 2003 WL 1720027, *1 (N.D. Ill. Mar. 31, 2003) (*"Barner III"*). The six severed named plaintiffs then filed individual actions, all of which have since been settled. The three remaining plaintiffs filed a Seventh Amended Complaint, which

---

[1] Judge Coar denied Defendants' first motion to decertify on October 26, 1999. After the case was administratively reassigned to this Court, Defendants' second motion to decertify was denied. *See Barner v. City of Harvey*, No. 95 C 3316, 2000 WL 1369636, at *1-2 (N.D. Ill. Sept. 15, 2000) (*"Barner II"*).

alleges various individual claims of discrimination and in Count I realleges the Class II due process claim.[2]

Meanwhile, on September 4, 2002, nineteen putative members of Class I filed a separate complaint, *Brewton v. City of Harvey*, No. 02 C 6289, which was assigned to Judge Bucklo. The *Brewton* complaint alleges (1) racial discrimination in violation of the Equal Protection Clause and Title VII and (2) retaliation in violation of the First Amendment. On September 29, 2003, Judge Bucklo granted in part and denied in part Defendants' motion to dismiss the *Brewton* complaint, and she also granted Defendants' request to sever the claims of all named plaintiffs. *See Brewton v. City of Harvey*, 285 F. Supp. 2d 1121, 1128 (N.D. Ill. 2003) (*"Brewton I"*).

On May 27, 2004, Judge Bucklo granted Defendants' motion to certify for appeal, pursuant to 28 U.S.C. § 1292(b), one of the issues in *Brewton I*: "the question of whether the statute of limitations for class members' individual claims of discrimination remain tolled throughout the liability phase of a pattern or practice class action."[3] *Brewton v. City of Harvey*, 319 F. Supp. 2d 890, 892-93 (N.D. Ill. 2004) (*"Brewton II"*). Defendants have since filed a petition to appeal portions of *Brewton I* in the Seventh Circuit.

Defendants now move for the third time to decertify the due process class and also to dismiss the due process count in the Seventh Amended Complaint. Plaintiffs have renewed their motions

---

[2] The three remaining plaintiffs first filed a Sixth Amended Complaint, which did not include a due process class claim. After this Court issued an order clarifying that the severance order and the Class I judgments did not dispose of the due process class claim, Plaintiffs were given leave to file a Seventh Amended Complaint to reallege the claim.

[3] In the same opinion, Judge Bucklo denied both Plaintiffs' and Defendants' motions to reconsider the rulings on the motion to dismiss. *See Brewton II*, 319 F. Supp. 2d at 891-92.

for interlocutory appeal of the severance order pursuant to 28 U.S.C. § 1292(b) and for certification for appeal of "all class-related rulings" pursuant to Rule 54(b).[4]

## DISCUSSION

### I. Motion to Decertify

Courts have "broad discretion to determine whether certification of a class is appropriate." *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993); *see Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001). Rule 23(a) establishes certain prerequisites that must be met before a class may be certified:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also* Fed. R. Civ. P. 23(b) (listing additional requirements that must be satisfied if the Rule 23(a) prerequisites are met). Plaintiffs have the burden of demonstrating that Rule 23's requirements have been fulfilled. *See Retired Chi. Police Ass'n*, 7 F.3d at 596; *see also Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (N.D. Ill. 2003) ("[O]n a motion to decertify the class, [the plaintiffs] bear[] the burden of producing a record demonstrating the continued propriety of maintaining the class action.") (citation omitted).

---

[4] Plaintiffs' first motion for certification of the severance order and their first motion for a Rule 54(b) certification of all class-related rulings were denied on December 12, 2003. Plaintiffs' second motion for a Rule 54(b) certification was denied on January 5, 2004.

4

In analyzing whether a class should be certified, a court generally must accept the plaintiffs' allegations as true. *See Ellis*, 217 F.R.D. at 419 (citing *Retired Chi. Police Ass'n*, 7 F.3d at 598). "However, because 'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action,' the court must sometimes 'probe behind the pleadings before coming to rest on the certification question.'" *Id.* (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982)).

Rule 23(c)(1)(C) provides that: "An order [to certify a class] under Rule 23(c)(1) may be altered or amended before final judgment." Indeed, a court "remains under a continuing obligation to review whether proceeding as a class action is appropriate, and may modify the class or vacate class certification pursuant to evidentiary developments arising during the course of litigation." *Ellis*, 217 F.R.D. at 419 (citations omitted). "Thus, the court's initial certification of a class 'is inherently tentative.'" *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)).

In his order certifying the due process class, Judge Coar cited the following factors as supporting numerosity: (1) the due process class contained at least thirteen members; (2) issues of race and political discrimination were common to the class; (3) his concern that class members could not pursue their claims individually; and (4) the interest of judicial economy favored litigating the claims together rather than individually. *See Barner I*, 1997 WL 136469, at *3. The Court finds that new developments in the litigation in the intervening seven-plus years justify revisiting the original class certification order.

Plaintiffs, however, seek to hold the Court to its earlier denial of Defendants' second motion to decertify, seizing upon the Court's conclusion that the motion was denied "with prejudice." Prior to that ruling, however, the Court had cautioned Defendants that the motion would not be considered

5

unless it presented new law or new facts that were not before Judge Coar, and the motion failed to do so. *See Barner II*, 2000 WL 1369636, at *1-2. Plaintiffs further claim that there have been no changes in this litigation other than the number of known members of the due process class. The Court finds this argument interesting, given that the actual changes in the litigation include a jury verdict for Defendants on Plaintiffs' claims of a pattern and practice of discrimination based on race or political affiliation, this Court's finding that the practice of terminating employees based on job title had no disparate impact on African-American employees, severance of all but three named Plaintiffs in this case, and settlement of all of the severed Plaintiffs' individual claims. Moreover, even if the only change in the litigation were the number of putative due process class members, that change alone would justify decertification if numerosity is now lacking.[5] *See Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 55 (N.D. Ill. 1996)."[T]he failure to satisfy even one of Rule 23(a)'s prerequisites is fatal to bringing a class action . . . .").

To warrant certification, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The rule does not require Plaintiffs to specify the number of putative class members, but they "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). "To determine whether joinder is impracticable courts must

---

[5] During the briefing on Plaintiffs' first motion for a certification to appeal the severance order, Defendants argued that the class should be decertified for lack of numerosity. Shortly thereafter, Plaintiffs stated that they "will not oppose any motion by Defendants (or action *sua sponte* by the Court) decertifying the due process class on the grounds that the due process class presently lacks numerosity." (Pls.' Renewed Mot. Rule 54(b) Certification on All Rulings Related to Class Claims, Doc. No. 417, at 2.) The Court nevertheless elected not to decertify the class in the absence of a pending motion. The Court is therefore surprised by Plaintiffs' response opposing the present motion but will not strike it, as Defendants request.

consider the circumstances unique to each case." *Ellis*, 217 F.R.D. at 421; *see Gaspar*, 167 F.R.D. at 56.

Plaintiffs do not offer the actual number of due process class members but concede that it is no greater than ten.[6] (Resp. Defs.' Mot. Decertify Due Process Class at 4.) Although a small class, by itself, does not conclusively establish that the class lacks numerosity under Rule 23(a)(1), there must be some additional factor demonstrating that joinder is impracticable, *e.g.*, geographic dispersion or claims that cannot be pursued individually. *See Moreno v. DFG Foods, LLC*, No. 02 C 4019, 2003 WL 21183903, at *6 (N.D. Ill. May 21, 2003); *Cwiak v. Flint Ink Corp.*, 186 F.R.D. 494, 497 (N.D. Ill. 1999); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986); *Allen v. Isaac*, 99 F.R.D. 45, 53 (N.D. Ill. 1983).

Plaintiffs have made no showing that the putative class remains sufficiently numerous to justify continued certification. Most, if not all, of the due process class members have already filed individual lawsuits alleging due process violations or related claims. Assuming that there are class members who have not yet filed individual lawsuits, there is no allegation that they cannot do so or that they are geographically dispersed. *See Ellis*, 217 F.R.D. at 521 (quoting *Betts v. Sundstrand Corp.*, No. 97 C 50188, 1999 WL 436579, at *5 (N.D. Ill. June 21, 1999) ("[T]he 'lack of geographic dispersion' of class members 'weighs against' class certification because joinder impracticability

---

[6] It is curious that Plaintiffs do not provide the precise number of class members. That information should be available at this point, given that the case is nearly a decade old and Plaintiffs' counsel also represents the *Brewton* plaintiffs, an unspecified number of whom are alleged to be due process class members. It therefore seems possible – and even likely – that the estimate of ten putative class members is high. *See Gilmore v. S.W. Bell Mobile Sys., LLC*, 210 F.R.D. 212, 218 (N.D. Ill. 2001) (holding that "[t]he court may rely on commonsense assumptions or reasonable inferences" in determining whether a putative class is sufficiently numerous).

decreases where all class members can be found within the same judicial district."). Therefore, the Court finds that the due process Class II no longer meets the requirements of Rule 23(a), and the class is decertified pursuant to Rule 23(c)(1)(C).

## II. Certification of Severance Order Pursuant to 28 U.S.C. 1292(b)[7]

Plaintiffs have renewed their request that this Court certify for appeal its March 28, 2003 severance order, pursuant to 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b).

As in their previous motion, Plaintiffs contend that "the issue of whether a jury verdict of no pattern or practice of discrimination necessarily precludes joinder of parties under Rule 20" is an issue that may be certified under § 1292(b). (Pls.' Renewed Mots. for Interlocutory Appeal at 7.) However, as fully explained in this Court's December 12, 2003 order denying Plaintiffs' first motion for § 1292(b) certification, the severance order *did not find* that the jury verdict "necessarily precludes joinder." To the contrary, the order to sever was based on a careful examination of

---

[7] An appeal of the severance order appears to be moot, given that the individual claims of all severed plaintiffs were settled or otherwise dismissed as of July 7, 2004. However, because neither party has addressed the issue, the Court will consider the merits of the motion.

8

specific factual issues raised at the trial, facts which demonstrated that the claims of most of the named plaintiffs were not transactionally related. Furthermore, as this Court stated in its prior opinion, the fact that three plaintiffs were allowed to remain joined clearly demonstrates that there was no mechanical finding that the jury verdict precludes joinder. For these reasons and those given in the December 12, 2003 order, the severance order presented no controlling question of law to be decided, there is no substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of the litigation. *See Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (holding that "[u]nless *all* [the § 1292(b)] criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal") (emphasis in original).

Plaintiffs next argue that the severance order should be certified because the Seventh Circuit might address the order in the *Brewton* appeal anyway. Plaintiffs contend that they will ask the Seventh Circuit to review Judge Bucklo's decision to sever the plaintiffs' claims in *Brewton I*, that because Judge Bucklo's order relied on this Court's severance order, "the Court of Appeals will necessarily be considering this Court's decision," and further, that if Judge Bucklo's order is reversed, "it logically follows that this Court's decision to sever also would be erroneous." (Pls.' Renewed Mots. for Interlocutory Appeal at 7-8.) The Court disagrees.

First, it appears highly doubtful that Judge Bucklo's severance order will be addressed by the Seventh Circuit at all. While *Brewton I* addressed both the motion to dismiss and motion to sever, the § 1292(b) certification in *Brewton II* was limited to an issue related to the motion to dismiss. Second, it is difficult to comprehend how or why the appellate court would *sua sponte* address the severance issue, because it does not appear to be even tangentially related to the questions raised on

9

appeal.[8] Finally, even if Plaintiffs' prediction is proven correct, it does not change the fact that the question sought to be certified does not satisfy even one of § 1292(b)'s requirements. For the same reason, the Court rejects Plaintiffs' unsupported argument that "allowing appellate review of this Court's severance ruling could prevent the *Barner* class members' claims from becoming further fragmented by precluding numerous other courts from becoming involved in claims stemming from the original *Barner* class action." (Pls.' Renewed Mots. Interlocutory Appeal at 8.) Plaintiffs' motion for § 1292(b) certification of the severance order is therefore denied.

### III. Certification of Class-Related Claims Pursuant to Rule 54(b)

Plaintiffs have also renewed their motion for leave to appeal "all class-related rulings"[9] pursuant to Rule 54(b), which provides:

---

[8] Defendants' Petition for Permission to Appeal in *Brewton*, now pending before the Seventh Circuit, lists the following questions for review:

1. Whether these class members, who were not named plaintiffs, . . . can file individual . . . actions after a jury verdict in favor of Defendants and against Plaintiffs on all class pattern and practice race and [F]irst [A]mendment claims, and a decision of the District Court in favor of Defendants and against Plaintiffs on all their disparate impact claims?
2. Even if these former class members can file individual actions, were they subject to any applicable statute of limitations, and, if so, when did the statutes run and when did they toll. . . .
3. If these former class members can file individual Title VII actions . . . can they continue to piggyback on the EEOC charges filed by the former class representatives who are not parties in their cases?

(Pls.' Renewed Mots. Interlocutory Appeal, Ex. C, Permission to Appeal Under 28 U.S.C. § 1292(b) on Behalf of Defendants City of Harvey and Nicholas Graves at 5-6.)

[9] Plaintiffs' previous two motions for Rule 54(b) certification of "all class-related rulings" were denied because the due process claim had not yet been adjudicated.

10

> When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment....

Fed. R. Civ. P. 54(b).

Although Plaintiffs do not list the "class-related rulings" to which they refer, it must be assumed that an appeal is sought for the Class I jury verdict and this Court's finding of no disparate impact, which are the only rulings that adjudicated class claims. Plaintiffs argue that a reversal of the class rulings would affect the burden of proof necessary in their individual claims and would render proceedings on the individual claims moot. As a result, according to Plaintiffs, allowing an appeal now would conserve judicial resources. Finally, Plaintiffs claim that appellate resolution of "open legal issues" will promote settlement.

An entry of a final judgment "is only proper if the claim of which the judgment disposes is truly a separate one," and "a determination of whether two claims are separate is generally a matter of sound judicial discretion." *O'Brien v. Sage Group, Inc.*, 141 F.R.D. 273, 275 (N.D. Ill. 1992). Certification for appeal is appropriate only if there is minimal, if any, overlap between the claim sought to be appealed and the remaining claims:

> The test for separate claims under [Rule 54(b)] is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.

*Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997).

In this case, the final judgments of the pattern or practice claim and the disparate impact claim arguably do not overlap Plaintiffs' remaining individual claims of discrimination. *See Cooper*

11

*v. Fed. Reserve Bank*, 467 U.S. 867, 877 (1984) (holding that there are no common issues between the first stage of a pattern or practice claim and an individual discrimination lawsuit). Plaintiffs, however, argue that if the Seventh Circuit were to reverse the class verdicts, then it may also order new trials of Plaintiffs' individual claims. Plaintiffs therefore assert that there is substantial overlap between the final judgments on the class issues and the remaining individual claims. Although the Court does not necessarily agree, the Court will accept Plaintiffs' contention in an abundance of caution. Because Plaintiffs concede that the class claims are not separate from the individual claims, the jury verdict and the Court's finding of no disparate impact cannot be certified for appeal.

The Court notes, as an additional matter, that this order decertifying the due process class is not subject to either Rule 54(b) or § 1292(b) but is instead governed by Rule 23(f), which provides:

> A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f); *see Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 959 (7th Cir. 2000) ("[D]istrict judges should not, and we shall not, authorize appeal under 28 U.S.C. § 1292(b) when appeal might lie under Rule 23(f).").

## IV.     Notice to Class of Decertification Order

Finally, Plaintiffs request that if decertification is ordered, notice be given to all class members advising them of their right to file an individual due process claim. Defendants do not oppose Plaintiffs' request for notice but argue that the cost of any such notice be borne by Plaintiffs.

12

The Seventh Circuit has held that "decertification has the same effect on the members of the class, so far as the running of the statute of limitations is concerned, as dismissal of the class action – it is tantamount to dismissal – and so it should be treated the same under Rule 23(e)." *Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002). Pursuant to Rule 23(e), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e) imposes on courts a "nondelegable" duty to the class "to order notice unless the risk of prejudice to absent class members is nil and to review for adequacy the form of notice proposed by class counsel in response to the order." *Culver*, 277 F.3d at 915. The Court therefore orders Plaintiffs to file a proposed notice pursuant to Rule 23(e) no later than fifteen days from the date of this Memorandum Opinion and Order. The cost of the notice will be borne by the class. *See Culver*, 277 F.3d at 915.

## CONCLUSION

For the foregoing reasons: (1) Defendants' Motion to Decertify Due Process Class [doc. no. 425-1] is granted; (2) Defendants' Motion to Dismiss Count I of the Seventh Amended Complaint [doc. no. 422-1] is denied as moot; and (3) Plaintiffs' Local Rule 78.5 Motion Calling Previously Filed Motions to the Court's Attention and Renewed Motions for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for Certification for Appeal Pursuant to Rule 54(b) [doc. nos. 434-1, 434-2] is denied. Class II, originally certified on March 25, 1997, is hereby decertified pursuant to Rule 23(c)(1)(C). Plaintiffs are ordered to file a proposed notice of the due process class decertification order pursuant to Rule 23(e) no later than fifteen days from the date of this Memorandum Opinion and Order.

**SO ORDERED.** DATE: 9/13/04

ENTERED: *[signature]*
HON. RONALD A. GUZMAN
**United States Judge**

14